1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

ROBERT BLAINE MCBRIDE,

7
                            Plaintiff,

          v.
8

9
GRAYS HARBOR COUNTY, et al,

                            Defendants.
10

Case No. 3:23-cv-05141-BHS-TLF

ORDER TO SHOW CAUSE

11

12      Plaintiff, who is unrepresented by counsel and is proceeding *in forma pauperis*,

13
has filed a civil rights complaint under 42 U.S.C. Section 1983, Considering deficiencies

14
in the complaint discussed below, however, the undersigned will not direct service of the

15
complaint at this time. On or before April 24, 2023, plaintiff must ether show cause why

this cause of action should not be dismissed or file an amended complaint.
16

BACKGROUND
17

18      Plaintiff, an inmate at Monroe Correctional Complex, filed a 42 U.S.C. § 1983

19
complaint. In his complaint, he names eight defendants: Grays Harbor County, Grays

20
Harbor County Police Department, Washington State, Washington State Patrol, Sgt.

21
Ramires, Deputy Almond, John Doe 1, and John Doe 2. Dkt. 5 at 3-4. Plaintiff alleges

22
that he was arrested by Grays Harbor Police Officers Sargent Ramires and Deputy

23
Almond on or about March 18, 2022. *Id*. at 5-6. Plaintiff asserts defendants Ramires and

24
Almond used excessive force during the course of his arrest, including deploying their

25

ORDER TO SHOW CAUSE - 1

1    Tasers on him more than ten times while he was in handcuffs, and putting a knee on his

2    back while they waited for an ambulance to arrive. *Id*.

3         Plaintiff claims the officers knew he suffered from medical issues, because they

4    had prior contact with him. *Id*. at 6. Plaintiff additionally alleges that on the date of the

5    arrest he informed the officers that he was overdosing on fentanyl and needed medical

6    attention; he states that he plead for help, but the officers failed to contact medical

7    services for over 30 minutes. *Id*. at 6-7.

8         Plaintiff asserts an unidentified civilian, "John Doe 2," held his legs while he was

9    tazed by the officers. *Id*. at 6. He also claims that an unidentified Washington State

10   Patrol Officer, "John Doe 1," arrived on the scene during the arrest, but failed to stop the

11   officers from using excessive force. *Id*.

12                                    DISCUSSION

13        The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt

14   determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on

15   which relief may be granted"' or (c) "seeks monetary relief against a defendant who is

16   immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A

17   complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*,

18   745 F.2d 1221, 1228 (9th Cir. 1984).

19        Before the Court may dismiss the complaint as frivolous or for failure to state a

20   claim, it "must provide the [prisoner] with notice of the deficiencies of his or her

21   complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

22   *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX*

23   *Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman*

24

25

ORDER TO SHOW CAUSE - 2

1   *Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446,

2   1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment

3   would be futile or where the amended complaint would be subject to dismissal." *Saul v.*

4   *United States*, 928 F.2d 829, 843 (9th Cir. 1991).

5          To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the

6   conduct complained of was committed by a person acting under color of state law, and

7   (2) the conduct deprived a person of a right, privilege, or immunity secured by the

8   Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),

9   *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is

10  the appropriate avenue to remedy an alleged wrong only if both of these elements are

11  present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

12      I.      Improper Defendants

13      A. Washington State and Washington State Patrol

14          Plaintiff does not state any claims against defendants Washington State or

15  Washington State Patrol in the body of the complaint but both are listed as defendants.

16  Dkt. 5 at 3, 4. The Eleventh Amendment of the United States Constitution prohibits a

17  private citizen from suing a state government in federal court without the state's

18  consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004);

19  *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420,

20  421 (9th Cir. 1996). This Eleventh Amendment immunity extends to state agencies. *See*

21  *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Natural Resources Defense Council*, 96

22  F.3d at 421. There is no evidence that the State of Washington has waived its Eleventh

23

24

25

ORDER TO SHOW CAUSE - 3

1   Amendment immunity in federal courts. Therefore, Washington State and Washington

2   State Patrol cannot be sued for damages under § 1983.

3      B.  Grays Harbor Police Department

4      Plaintiff does not state any claims against defendant Grays Harbor Police

5   Department in the body of the complaint but includes it amongst the list of defendants.

6   Dkt. 5 at 3. "In order to bring an appropriate action challenging the actions, policies, or

7   customs of a local governmental unit, a plaintiff must name the county or city itself as a

8   party to the action, and not the particular municipal department or facility where the

9   alleged violation occurred." *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.

10  Wash. 2008) (holding that the Seattle Police Department is not a legal entity capable of

11  being sued under § 1983) (*citing Nolan v. Snohomish County*, 59 Wn.App. 876, 883

12  (1990)). Therefore, Grays Harbor Police Department is not a proper defendant.

13     C.  Claims against Grays Harbor County

14     Plaintiff does not state any claims against defendant Grays Harbor County in the

15  body of the complaint but includes it amongst the list of defendants. Dkt. 5 at 3.

16  Counties are only subject to suit under § 1983 if it "'implements or executes a policy

17  statement, ordinance, regulation, or decision officially adopted and promulgated by that

18  body's officers.'"  *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014)

19  (*quoting Monnell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690, 98

20  S.Ct. 2018, 56 L. Ed. 2nd 611 (1978). To establish municipal liability under § 1983, a

21  plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a

22  policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights;

23  and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v.*

24

25

ORDER TO SHOW CAUSE - 4

1    *Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  If plaintiff wishes to pursue a claim

2    against Grays Harbor County, he must meet this standard for stating a claim against a

3    local governmental entity.

CONCLUSION

5        Due to the deficiencies described above, it appears that plaintiff's complaint is

6    subject to dismissal. Plaintiff may show cause why the complaint should not be

7    dismissed or may file a proposed amended complaint to cure, if possible, the

8    deficiencies noted herein, on or before **April 24, 2023.**

9        If an amended complaint is filed, it must be legibly written or retyped in its entirety

10   and contain the same case number. Any cause of action alleged in the original

11   complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana,*

12   *Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v.*

13   *Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

14       The Court will screen the amended complaint to determine whether it states a

15   claim. If the amended complaint is not timely filed or fails to adequately address the

16   issues raised herein, the undersigned will recommend dismissal of this action as

17   frivolous under 28 U.S.C. § 1915.

18       The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. §

19   1983 civil rights complaint and for service, a copy of this Order and the *Pro Se*

20   information sheet.

21

22

23

24

25

ORDER TO SHOW CAUSE - 5

1    Dated this 4th day of April, 2023.

2

3

4                                                   _Theresa L. Fricke_
                                                    Theresa L. Fricke
5                                                   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE - 6