UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT BLAINE MCBRIDE, | Case No. 3:23-cv-5141 |
| Plaintiff, | ORDER |
| v. | |
| GRAYS HARBOR COUNTY, GRAYS HARBOR COUNTY POLICE DEPARTMENT, STATE OF WASHINGTON, WASHINGTON STATE PATROL, SGT. RAMIRES, DEPUTY ALMOND, AND JOHN DOES 1–2, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 8. Judge Fricke previously identified deficiencies in Plaintiff Robert Blaine McBride's 42 U.S.C. § 1983 civil rights complaint and ordered him to file an amended complaint or show cause on or before April 24, 2023, why his complaint should not be dismissed. Dkt. No. 6. Plaintiff filed nothing in response. Judge Fricke now recommends that the Court dismiss Plaintiff's complaint without prejudice for failure to prosecute. Plaintiff filed nothing in response to the R&R.

Rule 41(b) permits dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Civil Rules] or a court order …." Although Rule 41(b) normally requires a motion by a

ORDER - 1

defendant, district courts carry inherent power to dismiss an action *sua sponte* as a sanction for "conduct which abuses the judicial process." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (acknowledging district court's inherent authority to dismiss for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (acknowledging district court may dismiss action for failure to comply with any court order).

Before exercising their power to dismiss, however, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). Finding at least three of the *Henderson* factors present "'strongly' support[s] dismissal." *Hernandez*, 138 F.3d at 399 (9th Cir. 1998) (quoting *Ferdik,* 963 F.2d at 1263). All five factors are present here.

To start, the Court issued a show cause order because of material defects in Plaintiff's complaint, but Plaintiff did not respond. Similarly, Plaintiff did not respond to the R&R recommending dismissal of his case. Plaintiff's failure to respond hinders the Court's ability to manage its docket and thwarts any attempts at speedy resolution of the litigation. Next, "[a] rebut[table] presumption of prejudice arises when a petitioner unreasonably delays prosecution of an action." *Pequignot v. Deutsche Bank Nat. Tr. Co.*, No. C10-0442-JLR, 2011 WL 1219263, at *3 (W.D. Wash. Mar. 30, 2011) (citing *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994)). Plaintiff has not responded to the Court's order or the R&R, so there is nothing on the record to rebut the presumption of prejudice. The fourth factor recognizes that public policy favors deciding cases on the merits, but it is Plaintiff's responsibility to move his case forward. He has not advanced his case at all despite a Court order and the R&R prompting him to do so. Finally,

concerning whether there are any less drastic sanctions available, other measures the Court might utilize would be ineffective because Plaintiff has demonstrated an unwillingness to respond to the Court. Under these circumstances, dismissal is appropriate.

Accordingly, the Court ORDERS as follows:

1. The Court ADOPTS the Report and Recommendation in full. Dkt. No. 8.

2. The case is DISMISSED without prejudice.

3. The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Theresa L. Fricke.

Dated this 1st day of August, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 3